IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-00144-FL

| | | |
|---|---|---|
| PATRICIA ANN LANGEVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 28, 30). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court grant plaintiff's motion, deny defendant's motion, and remand defendant's decision for an award of benefits. Plaintiff timely filed objection to a statement in the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge, albeit on grounds modified as set forth herein, grants plaintiff's motion for judgment on the pleadings, denies defendant's motion for judgment on the pleadings, and remands to defendant for an award of benefits.

**BACKGROUND**

On January 25, 2010, plaintiff protectively filed an application for disability benefits and supplemental social security income, alleging disability beginning May 15, 2009. The application was denied initially and upon reconsideration. Thereafter, plaintiff requested hearing before an administrative law judge ("ALJ"), who, after a October 18, 2011, hearing, denied plaintiff's claims

by decision entered October 28, 2011. Following the ALJ's denial of her application, plaintiff timely filed a request for review before the Appeals Council. The Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Following the Appeals Council's denial of review, plaintiff sought review in this court.[1]

While review by this court was pending, on February 12, 2013, plaintiff protectively filed two additional applications for disability benefits and supplemental social security income, alleging disability beginning May 9, 2009. The claims were denied initially on June 12, 2013, and upon reconsideration on August 23, 2013. On September 24, 2013, plaintiff requested hearing before an ALJ.

On September 21, 2014, this court entered an order remanding plaintiff's claims asserted in her January 25, 2010, application to defendant for further consideration. Consistent with the court's order, the Appeals Council issued an order remanding the case for further proceedings. The order issued by the Appeals Council also directed the ALJ to consolidate plaintiff's claims with claims asserted in her February 12, 2013, applications for disability benefits and supplemental social security income, and issue new decision on the consolidated claims.

On remand, an ALJ held hearing on plaintiff's consolidated claims on November 26, 2014, and March 19, 2015. The ALJ denied plaintiff's consolidated claims by decision dated April 29, 2015. The ALJ's decision became defendant's final decision when the Appeals Council denied review on April 7, 2016. Plaintiff commenced the instant action on June 10, 2016.

---

1. United States District Court Judge Terrence W. Boyle was assigned to the action concerning the Appeals Council's denial of review of plaintiff's January 25, 2010, application for disability benefits and social security income. See Langevin v. Colvin, No. 7:13-CV–00065-BO.

# COURT'S DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation as to plaintiff's consolidated claims. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since May 9, 2009. At step two, the ALJ found that plaintiff had the following severe impairments: bipolar disorder, anxiety, and posttraumatic stress disorder. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the limitations: she is limited to understanding, remembering, and carrying out simple instructions; and she is unable to work in a job that requires ongoing public interaction. (Tr. 352, DE 11). At step four, the ALJ concluded plaintiff was unable to perform any past relevant work as an appointment setter, sales clerk, convenience store cashier, and/or retail cashier. However, at step five, upon considering plaintiff's age, education, work experience, and RFC, as well as testimony of a vocational expert ("VE"), the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff could perform, such as laundry worker, a polisher, and a hospital cleaner. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Here, neither party objects to the magistrate judge's ultimate recommendation to remand defendant's decision for an award of benefits. However, plaintiff raises a limited objection to the statement in the M&R that "Dr. Zinicola's opinions are not supported by substantial evidence and

cannot be upheld," (DE 32, p. 11), which plaintiff contends is inconsistent with magistrate judge's ultimate recommendation.

Neither party raises a new issue for the court to review de novo. See Orpiano, 687 F.2d at 47. The court writes separately to clarify that, based on the record, the M&R should have instead stated simply as follows: While it is not the role of the reviewing court to reweigh the evidence, in this instance, the ALJ's decision to discount Dr. Zinicola's opinions is not supported by substantial evidence and cannot be upheld. Upon this clarification, the court adopts the recommendation of the magistrate judge.

## CONCLUSION

Based on the foregoing, upon de novo review, and upon considered review of the record, the court ADOPTS the recommendation of the magistrate judge (DE 32), GRANTS plaintiff's motion for judgment on the pleadings (DE 28), DENIES defendant's motion for judgment on the pleadings, (DE 30), and REMANDS this matter to defendant for an award of benefits. The clerk of court is DIRECTED to close this case.

SO ORDERED this the 29th day of March, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge